**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Plaintiff,**

     **v.**                                   **CASE NO. 22-3119-SAC**

**MABAN WRIGHT,**

                **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Nicholas D'Andre Thomas, who is detained at the Shawnee County Jail (SCJ) in Topeka, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging misconduct and illegal action related to his ongoing state-court criminal prosecution. He names as the sole defendant his appointed counsel, Maban Wright. For the reasons explained below, the Court will direct Plaintiff to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted.

**I.   Nature of the Matter before the Court**

In December 2020, Plaintiff was charged in Shawnee County District Court with one count of aggravated battery. *See* Online Records of Shawnee County District Court, case number 2020-CR-2781. His preliminary hearing occurred in March 2021, and since that time, the state district court has held various hearings, largely concerned with Plaintiff's competency. On June 1 and 3, 2022, the district court held an evidentiary competency hearing and

1

ultimately found Plaintiff not competent to stand trial. Accordingly, the state district court ordered Plaintiff committed for evaluation and treatment pursuant to K.S.A. 22-3303. *Id.*

Plaintiff filed the current civil rights complaint in this Court on June 16, 2022. As noted above, he names as the sole Defendant his state-court-appointed public defender, Maban Wright. All three counts in the complaint allege that various Kansas statutes were violated at or in relation to his preliminary hearing on March 15, 2021 and his pretrial conference on June 16, 2021. As Count I, Plaintiff alleges the violation of K.S.A. 77-535(b), which governs conference hearings held under the Administrative Procedure Act. As Count II, Plaintiff alleges the violation of K.S.A. 22-2902c, which governs the admission of evidence at a preliminary examination. As Count III, Plaintiff alleges the violation of K.S.A. 48-2203, which governs the imposition of restraint under the Kansas Code of Military Justice. Plaintiff seeks "money relief, financial relief, indemnification relief, fiduciary relief, extraordinary relief, injunctive relief, declaratory relief, coercive relief, judicial relief, poor relief, prayer for relief, Tro relief, monetary relief, Pecuniary relief[,] Further relief, Preliminary relief, trial relief, [and] release relief." (Doc. 1, p. 5.)

## II.  Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any

2

portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III. Discussion**

### Intervention in State-Court Proceedings

This is the eleventh federal case Plaintiff has filed seeking this Court's intervention in Shawnee County criminal case number 2020-CR-2781; Plaintiff has filed five federal habeas actions and five prior civil rights actions under 42 U.S.C. § 1983. *See Thomas v. Maban, et al.*, case number 21-cv-3181-SAC (dismissed Sept. 22, 2021); *Thomas v. Hill*, case number 21-cv-3200-SAC (dismissed Oct. 7, 2021); *Thomas v. Wright*, case number 21-cv-3201-SAC (dismissed Oct. 12, 2021); *Thomas v. Lee*, case number 21-cv-3241-SAC (dismissed Nov. 5, 2021); *Thomas v. State of Kansas*, case number 22-cv-3017-SAC (dismissed Jan. 25, 2022); *Thomas v. Lee*, case number 22-cv-3033-SAC (dismissed February 24, 2022); *Thomas v. Hayden*, case number 22-cv-3044-SAC (dismissed March 10, 2022); *Thomas v. Hayden*, case number 22-cv-3038-SAC (dismissed April 15, 2022); *Thomas v. Hayden*, case number 22-cv-3099-SAC (filed May 20, 2022); *Thomas v. State of Kansas*, case number 22-cv-3113-SAC (filed June 6, 2022).

The Court has repeatedly explained to Plaintiff that under *Younger v. Harris*, 401 U.S. 37, 47, (1971), this Court generally cannot intervene in ongoing state criminal proceedings when (1) the state criminal proceedings are ongoing, (2) the state criminal proceedings affect important state interests, and (3) the state courts provide a satisfactory opportunity for Plaintiff to make constitutional arguments. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If all three of these conditions exist, this Court may not interfere in the state-court case unless there is "great and immediate" danger of "irreparable injury." *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)); *see also Younger*, 401 U.S. at 46.

By his request for injunctive relief, Plaintiff appears to ask this Court to intervene in his ongoing criminal state proceedings. As in Plaintiff's previous federal cases, however, the three conditions are satisfied here, so *Younger* requires this Court to abstain from doing so.

### Failure to State a Claim

The current complaint also fails to state a claim upon which relief can be granted. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). And "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

In the portion of the complaint for Plaintiff to identify the "constitutional rights, privileges or immunities" he believes "have been violated," Plaintiff identifies only state laws. He has not identified any constitutional right, privilege, or immunity that has been violated. The Tenth Circuit has explained that "§ 1983 affords a remedy for violations of federal law and does not provide a basis for redressing violations of state law." *D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (quotations omitted). Thus, this matter is subject to dismissal because Plaintiff has not alleged a federal constitutional violation.

5

## IV. Conclusion

As explained above, Plaintiff's request for injunctive relief is subject to dismissal under the *Younger* abstention doctrine and as frivolous and repetitive litigation. In addition, the complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted in a § 1983 action. Plaintiff is therefore directed to show cause, in writing, why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including July 18, 2022, to show cause, in writing, why this matter should not be dismissed for the reasons stated herein. The failure to file a timely response may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 17th day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge