**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Plaintiff,**

     **v.**                                        **CASE NO. 22-3119-SAC**

**MABAN WRIGHT,**

                **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff and pretrial detainee Nicholas D'Andre Thomas filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging misconduct and illegal action related to his ongoing state-court criminal prosecution. He names as the sole defendant his public defender, Maban Wright. For the reasons explained below, the Court will dismiss this matter for failure to state a claim on which relief can be granted.

In December 2020, Plaintiff was charged in Shawnee County District Court with one count of aggravated battery. That matter is still pending. Plaintiff filed the current civil rights complaint in this Court on June 16, 2022, alleging improprieties by his defense counsel and seeking "money relief, financial relief, indemnification relief, fiduciary relief, extraordinary relief, injunctive relief, declaratory relief, coercive relief, judicial relief, poor relief, prayer for relief, Tro [*sic*] relief, monetary

1

relief, Pecuniary relief, Further relief, Preliminary relief, trial relief, [and] release relief." (Doc. 1.)

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). After screening, the Court issued a Memorandum and Order to Show Cause (MOSC) on June 17, 2022. (Doc. 3.) Therein, as it has in Plaintiff's other cases before this Court, the Court explained to Plaintiff that if the three conditions set forth in *Younger v. Harris*, 401 U.S. 37, 47 (1971), are present, the Court must not intervene in ongoing state criminal proceedings unless there is "great and immediate" danger of "irreparable injury." (Doc. 3, p. 4.)

The MOSC also advised Plaintiff that the complaint failed to state a claim upon which relief can be granted because he alleged only violations of state laws. *Id.* at 4-5; *See D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 68, 776 (10th Cir. 2010) (holding that section "1983 affords a remedy for violations of federal law and does not provide a basis for redressing violations of state law"). The MOSC allowed Plaintiff the opportunity to show cause why this matter should not be dismissed. (Doc. 3, p. 4.)

Even liberally construing Plaintiff's response to the MOSC, as is appropriate since Plaintiff proceeds pro se, the response does

2

not allege that Defendant violated Plaintiff's federal rights.[1] (Doc. 5.) Rather, the response merely again alleges that Defendant violated multiple Kansas statutes. (Doc. 5, p. 1.) And as the MOSC advised Plaintiff, allegations that an individual violated state law is insufficient to state a claim on which relief can be granted under § 1983.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

DATED:  This 21st day of July, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

[1] He asserts that he brings the complaint under various law, including 10 U.S.C.A. §§ 809 and 832, Fed. R. Civ. P. 5.1 and 26, 42 U.S.C. § 1986, and the Fourth and Fourteenth Amendments to the United States Constitution, but does not contend that Defendant violated any right protected by the federal Constitution or federal law.